Henrik Mosesi, Esq. (SBN: 189672)
Law Offices of Henrik Mosesi
433 N. Camden Dr., 6th Fl.
Beverly Hills, CA 90210
Tel: 310-734-4269
Fax: 310-734-4053
Henry@Mosesi.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**San Francisco**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 108.81.104.254,<br><br>Defendant. | Case Number: 3:16-cv-01611-WHA<br>**CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

Plaintiff, Malibu Media, LLC, hereby submit this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9. On February 8, 2017, undersigned sent a proposed joint case management to Defendant. However, Defendant did not respond. Accordingly, Plaintiff is filing the instant Case Management Plan and proposed order unilaterally.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any*

*parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (district courts having subject matter jurisdiction over matters dealing with a federal question) and 28 U.S.C. § 1338 (district courts having subject matter jurisdiction over matters dealing with patents, copyrights, and trademarks). No issues regarding personal jurisdiction or venue exist. No parties remain to be served.

2. <u>Facts</u>

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff has sued Defendant for direct copyright infringement of forty-two [42] of Plaintiff's copyrighted movies, pursuant to 17 U.S.C. §§ 106 & 501, based on Defendant's actions of illegally downloading Plaintiff's works through use of the BitTorrent File Distribution Network. Defendant denies such infringement.

3. <u>Legal Issues</u>

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff has alleged that Defendant Used the BitTorrent File Distribution Network to Infringe Plaintiff's Copyrights. It is Plaintiff's position that Defendant is a persistent online infringer of Plaintiff's copyrights who copied and distributed Plaintiff's copyrighted movies.

4. <u>Motions</u>

*All prior and pending motions, their current status, and any anticipated motions.*

Currently, there are no pending motions. Previously, Plaintiff moved for early discovery to subpoena Defendant's Internet Service Provider in order to learn Defendant's identity. The Court granted the motion. See CM/ECF 6.

5. <u>Amendment of Pleadings</u>

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

If needed, the parties will file motions to amends the pleadings and add parties to this case, and will do so on or before **May 8, 2017**.

6. <u>Evidence Preservation</u>

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Plaintiff's position is that the parties acknowledge that they are required to preserve relevant electronically stored information. And that the parties should agree that their preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from destruction or alteration.

Plaintiff anticipates that the claims or defenses in this case will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff's position is that Defendant must preserve, and must immediately take efforts to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of Electronically Stored Information ("ESI") reasonably related to this litigation in Defendant's possession, custody, or control. This includes preservation of all the following:

a. Defendant's laptops, desktops, tablets, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data

(collectively, "Hard Drives"). Defendant can achieve preservation by retaining an expert to create forensically sound images of Defendant's Hard Drives or not engaging in any of the following activities: (1) deleting any data within any of Defendant's Hard Drives; (2) using data shredding, overwriting, or wiping applications; (3) defragmenting any Hard Drives; (4) re-imaging or replacing drives; (5) compressing a Hard Drive; (6) deleting internet cookies; (7) deleting browser history and favorites; (8) running any "disk clean-up" processes; (9) installing and uninstalling software on any Hard Drive; (10) updating an operating system on any Hard Drive; and/or (11) taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer Hard Drives;

b. All contents of any third party cloud storage service such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One; and

c. Defendant's modem and router used in his home during the period of recorded infringement.

d. All emails, notifications, or correspondence from Defendant's Internet Service Provider ("ISP") to Defendant under the ISP's Copyright Alert System ("CAS").

e. All emails, notifications, or correspondence from Defendant's Internet Service Provider to Defendant regarding a DMCA notice.

In discovery, Plaintiff will be requesting complete forensically sound copies of Defendant's Hard Drives, preferably in EnCase E01 format. If examination of Defendant's Hard Drives reveal evidence of spoliation, Plaintiff's position is that examination should further include the restoration or recovery of deleted files or fragments. Nothing in this plan precludes Plaintiff from an award of costs should it succeed at trial.

Plaintiff will be producing: (a) one PCAP for each copyrighted work infringed; (b) the .torrent files; (c) the computer media files that correlate to each of the .torrent files downloaded and distributed by Defendant; (d) any technical reports for the PCAPs produced; (e) original version of the Infringed Works (control copies); (f) MySQL log file in excel or PDF; and (g) Additional Evidence of Third-Party downloads in excel or PDF. The PCAPs, .torrent files, computer media

files, and technical reports will be produced in their native format and sent to defense counsel on a DVD disk or USB drive. All other documents will be produced in readable form, either in excel (.xls) or PDF form.

Plaintiff proposes the following claw back provision: In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned or destroyed. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return or destroy all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned or destroyed document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

7. <u>Disclosures</u>

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1), and will do so by no later than **February 23, 2017.**

8. <u>Discovery</u>

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

**Plaintiff**: The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative

Defenses filed by Defendants. The only discovery taken to date is disclosure of Defendant's identity to Plaintiff. In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors, and Defendant's Internet Service Provider.

9. <u>Class Actions</u>

*If a class action, a proposal for how and when the class will be certified.*

Not Applicable.

10. <u>Related Cases</u>

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Currently, all related cases in the Northern District of California are before the Honorable Judge Alsup.

11. <u>Relief</u>

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

In its Complaint, Plaintiff requests that the Court:

1) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

2) Order that Defendant delete and permanently remove the torrent files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;

3) Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;

4) Award Plaintiff statutory damages in the amount of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c);

5) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

6) Grant Plaintiff any other and further relief this Court deems just and proper.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiff will discuss the possibility of settlement in this case with Defendant. If a settlement is reached, the parties will promptly notify the Court of such.

Alternative Dispute Resolution: Plaintiff believes that this case would be best suitable for mediation after all discovery has been completed but is also willing to participate in a settlement conference prior to the commencement of discovery.

13. Consent to Magistrate Judge For All Purposes

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

Plaintiff consents to the Jurisdiction of a United States Magistrate Judge on all non-dispositive matters.

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

None.

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

None at this time.

16. <u>Expedited Trial Procedure</u>

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Not Applicable.

17. <u>Scheduling</u>

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Plaintiff's Expert Reports Due on: August 8, 2017

Defendant's Expert Reports due on: September 8, 2017

Discovery Cutoff: November 8, 2017

Dispositive Motions will be filed no later than thirty [30] days after the close of discovery.

Pretrial Conference: January 8, 2018

Trial: March 2018

18. <u>Trial</u>

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has requested a trial by jury and anticipates that the length of trial will be 4 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiff has filed its Certificate of Non-party Interested Entities or Person. See CM/ECF 3. Pursuant to Civil L.R. 3-15, the following listed persons, associations of persons, firms, partnerships, corporations or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Malibu Media, LLC - Plaintiff; financial interest (2) Colette Pelissier - Owner of Malibu Media, LLC; financial interest in Plaintiff (3) John Doe - Defendant; financial interest and (5) Henrik Mosesi, Esq. - Attorney for Plaintiff; financial interest.

20. <u>Professional Conduct</u>

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

None.

Dated: February 9, 2017

<u>/s/ Henrik Mosesi</u>
Counsel for Plaintiff

CASE MANAGEMENT ORDER

The above CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

______________________________

UNITED STATES DISTRICT/MAGISTRATE JUDGE